Frank HOLDER, Petitioner,

v.

DISTRICT COURT OF CARTER COUNTY,
Oklahoma, Respondent.

No. A-14301.

Court of Criminal Appeals of Oklahoma.

July 26, 1967.

Frank Holder, pro se.

Burke Mordy, Dist. Atty., Ardmore, G. T. Blankenship, Atty. Gen., Oklahoma City, for District Court of Carter County.

## MEMORANDUM OPINION

TOM BRETT, Judge.

Petitioner, an inmate of the state penitentiary, files in this Court what he terms a petition for writ of mandamus. He states that he was tried and convicted in the district court of Carter County, Oklahoma, for the crime of attempted burglary, second degree, and was sentenced to serve three and one-half years in the Oklahoma State Penitentiary. He does not give the date of his judgment and sentence.

Petitioner alleges:

"(1) Petitioner states that petitioner mailed to the district court of Carter County a writ of coram nobis seeking a full plenary review of all records, dating from petitioner's arrest, so that petitioner could thus prove to the sentencing court that petitioner was denied any chance of receiving justice and due process of law.

"(2) Said writ of coram nobis has been ignored by the district court of Carter County, thus further denying your petitioner his rights to due process of law and petitioner's constitutional rights, as provided in the 6th amendment to the constitution of the United States."

The prayer is:

"Therefore your petitioner prays this honorable court to grant this petition for writ of mandamus and thereby issue an order commanding the district court of Carter County to give to your petitioner a fair and impartial full plenary review of said case No. 5812 so that petitioner may prove to said court that he was denied substantial rights, that are provided by the constitution of the United States. It is so prayed."

Needless to say, this petitioner appears without the assistance of counsel. It is difficult for the Court to understand what relief petitioner is seeking. We see no point in directing the district court of Carter County to review petitioner's trial, and yet petitioner fails to state facts sufficient to warrant issuance of the writ of error coram nobis, which appears to be the attempted basis for this petition. Likewise, petitioner fails to state facts sufficient to

**858**

warrant this Court to treat his petition as being one for either mandamus or for post conviction appeal.

Therefore, the petition is dismissed.

NIX, P. J., and BUSSEY, J., concur.